UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-2(c)

Ronald I. LeVine, Esq.
210 River Street, Suite 11
Hackensack, New Jersey 07601
201-489-7900
Attorney for Debtor

In Re:

CARMEN SARO

Order Filed on June 6, 2019
by Clerk
U.S. Bankruptcy Court
District of New Jersey

Case No.: 16-28615 VFP

Chapter: 13

Judge: Hon. Papalia

INTERIM ORDER ON MOTION TO ENFORCE LOAN MODIFICATION AND SANCTIONING BAYVIEW LOAN SERVICING, LLC FOR FAILURE TO COMPLY WITH COURT ORDER

The relief set forth on the following pages, numbered two (2) through three (3) is hereby **ORDERED**.

**DATED: June 6, 2019**

_____
**Honorable Vincent F. Papalia
United States Bankruptcy Judge**

Page 2
Debtor: CARMEN SARO
Case No. 16-28615 VFP
Caption of Order: INTERIM ORDER ON MOTION TO ENFORCE LOAN MODIFICATION AND SANCTIONING BAYVIEW LOAN SERVICING, LLC FOR FAILURE TO COMPLY WITH COURT ORDER

**THIS MATTER** being opened to the Court by Ronald I. LeVine, Esq., Robert Wachtel appearing, as attorney for debtor herein, upon notice to BAYVIEW LOAN SERVICING (hereinafter "BAYVIEW") through its attorney Shapiro & DeNardo, LLC, Charles Wohlrab, Esq. appearing for The Bank of New York Mellon FKA The Bank of New York, as Trustee for the Certificateholders of the CWMBS, Inc., CHL Mortgage Pass-Through Trust 2007-17, Mortgage Pass-Through Certificates, Series 2007-17 and to Marie-Ann Greenberg, Chapter 13 Standing Trustee for entry of an Order Enforcing the Loan Modification agreement with BAYVIEW LOAN SERVICING dated March 2, 2018 and Order of May 18, 2018 and Bayview having filed a certification that fails to respond in sufficient detail to all the allegations in the Motion, and Wachtel and Wohlrab having discussed the present status of the filings, they have agreed to the following terms of this interim Order:

**IT IS HERBY ORDERED AS FOLLOWS:**

1. That Bayview must file not later than June 17, 2019 a certified response to paragraph 9 of the LeVine certification that calculates the loan modification balance as of March 2, 2018 at $576,434.11. Bayview's certification must also specifically address the calculation of amortization credit in paragraph 12 that further reduces the loan balance to $564,639.04 as of March 31, 2019. The mere attachment of a pay history is not acceptable. Bayview must supply their alternate calculation as to what they contend the proper amount and all the steps used in deriving that calculation.

Page 3
Debtor: CARMEN SARO
Case No. 16-28615 VFP
Caption of Order: INTERIM ORDER ON MOTION TO ENFORCE LOAN MODIFICATION AND SANCTIONING BAYVIEW LOAN SERVICING, LLC FOR FAILURE TO COMPLY WITH COURT ORDER

2. In the event Bayview does not file the certification complying with the preceding paragraph by June 17, 2019, the Court shall enter the Order submitted by debtor's counsel on March 2, 2019 with the motion papers that among other relief, finds that the amount of the principal unpaid balance as of March 31, 2019 shall be $564,639.04 and that Bayview will be responsible for debtor's counsel fees upon submission of a certification of services rendered.

3. In the event that Bayview does provide a certification by June 17, 2019, and that response is unsatisfactory to the debtor, the parties agree to have their differences resolved by a court appointed forensic expert with his or her fees to be advanced by Bayview and at Bayview's sole cost, who shall make a binding determination of the proper mortgage modification loan balance as of March 31, 2019 based on the terms of the December 20, 2018 modification agreement. Bayview will agree to make all is records open to that expert. This motion shall be relisted for the July 18, 2019 motion date for a status review.

4. In the event Bayview provides a certification that is satisfactory to debtor's counsel in its calculations, debtor's application for counsel fees and sanctions against Bayview shall be heard by the Court.